*E-FILED 11/16/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ST. PAUL REINSURANCE COMPANY,<br><br>            Plaintiff,<br><br>       v.<br><br>AMERICAN FIRST INSURANCE COMPANY,<br><br>            Defendant.<br>_____/ | NO. 5:04-cv-5258 RS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

## I.  INTRODUCTION

Defendant American First Insurance Co. ("AFIC") moves to compel the production of documents from plaintiff St. Paul Reinsurance Company Limited ("St. Paul"). St. Paul contends that it has now produced all relevant, responsive documents but that the claims and underwriting files AFIC now seeks are not relevant to any claims or defenses in this action.  The motion was fully briefed and heard by the Court on November 16, 2005.  Based on all papers filed to date, as well as on the oral argument of counsel, the Court grants the motion to compel the further production of documents as they may contain relevant information or may lead to the discovery of admissible evidence, as explained below.

## II.  BACKGROUND

This action arises from an insurance coverage dispute between AFIC and St. Paul regarding the defense and indemnity of their insured, attorney Dennis Fox ("Fox"), who was sued in two separate state

court actions for legal malpractice. AFIC contends that its policy provided coverage only for the first state action filed against Fox, but not for a subsequent case filed during a period in which it claims St. Paul provided coverage. While St. Paul provided Fox with a defense in the second lawsuit, and ultimately settled that case on his behalf, it now seeks indemnity from AFIC, arguing that it received notice of the potential second litigation during AFIC's policy period and that, therefore, AFIC shoulders superceding defense and indemnity obligations to Fox.

Both parties have propounded discovery in this case, although AFIC contends that St. Paul has refused to provide all responsive documents in its possession in response to AFIC's First Request for Production of Documents.[1] Specifically, AFIC seeks copies of St. Paul's claims and underwriting files which have thus far not been produced. St. Paul contends that neither its claims file, nor its underwriting file, is relevant to any claim or defense in this case, since, in its view, the only issue presented is whether or not AFIC received notice of a second potential claim against Fox during its policy period, from February 3, 2001 to February 3, 2002.

### III.  LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as

---

[1] AFIC initially moved to compel responses to Request Nos. 1-9 on the basis that St. Paul had failed to provide any responsive documents. Since the filing of the motion, however, St. Paul has produced numerous documents to American, thereby mooting the motion as to all but Request Nos. 2 and 3.

2

<div style="margin-left: 2em">
requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.
</div>

Fed. R. Civ. P. 37(a)(2)(B).

## IV.  DISCUSSION

AFIC's request for the production of documents seeks the complete claims and underwriting files maintained by St. Paul concerning the underlying state court actions which were instituted against Fox. See Motion to Compel, Exhibit 1, Requests Two and Three.  St. Paul objects to these requests as seeking documents and information that is neither relevant to the subject matter of the action nor likely to lead to the discovery of relevant information. Id.  According to St. Paul, since the only issue presented in this litigation is whether AFIC knew of a second claim or potential claim against Fox during the AFIC policy period, the contents of St. Paul's claims and underwriting files are irrelevant. In addition, St. Paul notes that it has already produced all non-privileged documents going to its claim that AFIC knew of the second claim against Fox during its coverage period and was, therefore, required to defend and indemnify him in conjunction with that second state court case.

AFIC argues in response that St. Paul's claims and underwriting files are relevant to several issues in this case, including St. Paul's position that the AFIC policy affords coverage for the second state court case and the reasonableness of the eventual settlement of the underlying action, as well as the affirmative defenses of mitigation, estoppel, and laches.  While not directly disputing St. Paul's articulation of the central issues in this case, AFIC insists that the restricted scope of discovery proposed by St. Paul is simply too narrow, a proposition with which the Court agrees. As this litigation focuses upon the general question of insurance coverage for Fox arising out of two specific underlying claims, broad principles of federal discovery warrant the production of St. Paul's claims and underwriting files specifically pertaining to that coverage scenario.

## V.  CONCLUSION

For the reasons set forth above, AFIC's motion to compel the production of documents in

3

response to Document Request Nos. 2 and 3 is granted. St. Paul shall provide copies of its claims and underwriting files to AFIC within ten (10) days of the date of this order.

IT IS SO ORDERED.

Dated: 11/16/05                           /s/ Richard Seeborg
                                          RICHARD SEEBORG
                                          United States Magistrate Judge

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN ELECTRONICALLY DELIVERED TO:**

James B. Green     jgreen@btlawla.com

Edward Donald Haas    ehaas@r2hlaw.com,

Russell Samuel Roeca    rroeca@r2hlaw.com,

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 11/16/05**                                    **Chambers of Judge Richard Seeborg**

                                                       **By:      /s/ BAK**

**United States District Court**
For the Northern District of California